[Sac. No. 1275.   In Bank.—November 30, 1904.]

In the Matter of the Estate of CHARLES TRAVER, Deceased. MARY E. BURK et al., Appellants, v. LOTT D. NORTON et al., Respondents.

ESTATES OF DECEASED PERSONS—WILL—UNDEVISED REAL ESTATE—EXPENSES OF ADMINISTRATION.—Where a testator, whose whole estate consisted of realty, devised only one half thereof, without making any provision in the will for payment of the debts and expenses of administration, or appropriating any part of his estate therefor, the burden of such debts and expenses must be borne wholly by the undevised portion of his real estate as to which he died intestate.

ID.—CONSTRUCTION OF CODE—INSUFFICIENCY OF APPROPRIATION IN WILL.—Section 1560 of the Code of Civil Procedure is intended to apply where there is an ample and sufficient appropriation in the will for debts and expenses; and section 1562 of the same code is intended to apply to all cases of insufficient appropriation in the will, no matter from what the insufficiency may spring, whether because the appropriation was too small, or because no appropriation was made.

APPEAL from a decree of the Superior Court of Sacramento County distributing the estate of a deceased person. Peter J. Shields, Judge.

The facts are stated in the opinion of the court.

Albert M. Johnson, and Hiram W. Johnson, for Appellants.

Arthur C. Huston, for Russell Day, Jr., Respondent.

S. Solon Holl, for Other Respondents.

LORIGAN, J.—Charles Traver died in Sacramento County in 1901, leaving a will made August 5, 1897. At the time this will was made, his wife was living, and by its terms he bequeathed all his property to her during her life. He then provided, after reciting that all the property was community property, and that the will was only intended to convey that portion of it over which he had testamentary capacity, that "at the death of my wife, it is my will that one half of the property hereby given, devised and bequeathed to my wife

during her lifetime, shall descend and go to Lott D. Norton, Charles T. Norton and Russell Day, Jr., in equal proportions." And then further provided that, "If my wife dies before I do, in that event I give, devise and bequeath one half of the whole of my property to Lott D. Norton, Charles T. Norton, and Russell Day, Jr., or in the case of the death of either of them, to their heirs by right of representation."

These were the only provisions of the will disposing of his estate.

The testator's wife died before he did, the effect of which was to vest in him the entire community property, only one half of which was disposed of under his will; as to the other half he died intestate, leaving as his heirs at law to succeed to the same, among others, the appellants George W. Traver, a brother, and Mary E. Burk, the daughter of a deceased sister.

The will was duly admitted to probate, the estate consisting solely of real property. In due course of administration a petition for distribution came on for hearing, and the court determined thereon that the testator had made testamentary disposition of but one half of his estate, and that as to the other half he had died intestate. It accordingly distributed one half thereof to the respondents as devisees under the will, and the other half to the appellants, and others, as his heirs, according to the law of succession, but further decreed that all the debts of deceased, and the expenses of administration of the estate, should be borne by, charged to, and paid by that portion of the estate which the testator had not disposed of by his will, and which had descended to these appellants, and others, as his heirs at law, thus exempting the portion of the estate devised by the will to the respondents from the payment of any of these charges.

It is from this latter portion of the decree that this appeal is taken by some of the heirs at law, and the correctness of the decree of the court charging the undevised portion of the estate with the payment of the debts and expenses of administration is the only question presented for determination, and must be solved by an examination of the provisions of our codes upon the subject.

While our attention is directed to sections 1562 and 1643 of the Code of Civil Procedure, and to section 1359 of the

Civil Code, as bearing upon the question, we are of the opinion that the matter is settled by the provisions of section 1562 of the Code of Civil Procedure, considered in connection with section 1560 of the same code.

The other sections referred to—while applicable to some extent—are not directly to the point, and are discussed by counsel upon both sides, more particularly upon the question whether expenses of administration are to be treated as included within the debts of the estate referred to in these sections.

But under the construction which we think must be given to the sections 1560 and 1562 of the Code of Civil Procedure, cited above—particularly the latter—we do not think it of any moment to a determination of the main point in controversy on this appeal to discuss that question, or to consider the other sections at all.

It is provided by section 1560, above referred to, that if the testator makes provision by his will, or designates the estate to be appropriated for the payment of his debts, expenses of administration, or family expenses, they must be paid according to that provision, or out of the appropriated estate as far as the same is sufficient.

Section 1562 provides that: "If the provision made by the will, or the estate appropriated therefor, is insufficient to pay the debts, expenses of administration, and family expenses, that portion of the estate not devised or disposed of by the will, if any, must be appropriated and disposed of for that purpose, according to the provisions of this chapter."

The testator, Traver, made no provision by his will for the payment of the debts, or expenses of administration, nor did he designate, or appropriate, any portion of his estate for that purpose. The will in no manner referred to any of these matters. It was entirely silent upon the subject. Now, as we construe the sections just referred to, according to the first, permission is granted to the testator to himself declare by his will what portion of the estate should be used for the payment of the enumerated charges, and the property so designated shall be devoted to that purpose.

By the second, if insufficient appropriation is made, the law makes the selection, and the undevised portion of the estate

must be appropriated, or disposed of, for that purpose. Both sections deal with the same subject-matter,—namely, the payment of debts, expenses of administration, and family expenses,—and in declaring what portion of the estate shall be used for that purpose, contemplate the existence of either of two general conditions—an ample appropriation for that purpose by the testator, or insufficient appropriation. And while it is true that section 1562 speaks of an "insufficient" appropriation, we do not think that the section should be construed so as to hold that it could only apply in cases where the testator had actually made some, but still an inadequate, appropriation of property from which to make payment. This, in our judgment, would be placing too narrow and restricted an interpretation upon the section, and one not in harmony with the apparent purpose of its enactment. The main purpose of this section apparently is to fix the class of property which shall be disposed of to meet payment, from whatever cause the necessity for its disposition arises, whether from inadequate appropriation for that purpose, or on account of an entire failure of appropriation.

Section 1560 was intended to apply where ample and sufficient appropriation had been made in the will, and, in our opinion, section 1562 was intended to apply in all other cases, no matter from what the insufficiency sprung; whether because the appropriation was too small, or because there was none made.

The fair meaning of the language of the section that, "If the . . . estate appropriated therefor is insufficient to pay its debts, expenses of administration," etc., resort shall be had to that portion of the estate undisposed of for their payment, is that where no estate is appropriated by will, or that which is appropriated is inadequate, such resort shall be had. Where a will fails to make any appropriation to pay the debts and charges against the estate, there is clearly an insufficient appropriation for that purpose. The absence of all appropriation is certainly an insufficient one.

We are of the opinion that the court properly charged the debts and expenses of administration against the property undisposed of by the will and which descended and was distributed to the appellants as heirs at law of the testator, and the decree appealed from is thereby affirmed.

McFarland, J., Angellotti, J., Shaw, J., Van Dyke, J., and Beatty, C. J., concurred.