[S. F. No. 11937. In Bank.—January 14, 1927.]

In the Matter of the Estate of WALTER W. BABB, Deceased. EDWARD N. WILLIAMS, etc., et al., Appellants, v. FRANK H. BABB et al., Respondents.

[1] ESTATES OF DECEASED PERSONS—CONTROVERSY BETWEEN LEGATEES —PARTY AGGRIEVED—APPEAL BY EXECUTOR—DISMISSAL.—Where a controversy in the estate of a deceased person is entirely between the different legatees under the last will of the deceased, the executor having no interest therein is not a party aggrieved by a decree of distribution determining the rights of the several legatees and an appeal by the executor from the decree will, therefore, be dismissed.

[2] ID. — BEQUESTS OF MONEY IN BANK — BEQUEST OF INTEREST IN ESTATE—CONSTRUCTION OF WILL.—Where a testator bequeaths all money that he may have in any bank at the time of his death to a certain person, and by a later paragraph of his will bequeaths and devises all of his right, title, and interest in the estate of a decedent to which he was one of the heirs at law, the legatee of the money in bank is entitled to all moneys in bank at the time of the death of testator, from whatever source coming, including moneys received by the latter before his death from the estate of which he was an heir.

[3] ID.—CONSTRUCTION OF WILL—TIME.—A will speaks from the date of the death of the testator and not from the date of its execution.

[4] ID.—RECEIPT OF MONEY—ADEMPTION OF LEGACIES.—The receipt by the testator of the money and property from the estate of which he was an heir, in such case, produced an ademption of the legacies to the parties to whom he had bequeathed and devised his interest in said estate, in so far as the money and property so received by the testator might have been included in said legacies had said

---

1.   See 2 Cal. Jur. 220.
3.   See 26 Cal. Jur. 883; 28 R. C. L. 234.
4.   See 26 Cal. Jur. 1024.

money and property remained a part of the said estate up to and including the date of the testator's death.

[5] ID.—PROCEEDS FROM SALE OF STOCK—RESIDUARY LEGACY.—In such a case, where the testator received during his lifetime stock from the estate of which he was an heir, which stock was a part of his estate at the time of his death, the residuum of the proceeds of sale of the stock passed to the residuary legatee instead of to the specific legatees of the interest of the decedent in the estate from which said stock came.

[6] ID.—PAYMENT OF EXPENSES—RESIDUARY LEGACY.—In such a case, it was error for the court to make a proportionate deduction of the debts, funeral expenses, and the expenses of administration from the specific legacies, and said debts and expenses should have been deducted from the residuum of the estate before any distribution to the residuary legatee.

---

(1) 3 C. J., p. 645, n. 99; 24 C. J., p. 535, n. 60.   (2) 3 C. J., p. 648, n. 46; 24 C. J., p. 535, n. 56; 40 Cyc., p. 1424, n. 85.   (3) 40 Cyc., p. 1424, n. 85.   (4) 40 Cyc., p. 1869, n. 62, p. 1914, n. 12. (5) 40 Cyc., p. 1570, n. 91.   (6) 24 C. J., p. 528, n. 99, p. 538, n. 96 New; 40 Cyc., p. 2068, n. 3, 4.

APPEAL from a judgment of the Superior Court of Santa Clara County. P. F. Gosbey, Judge. Reversed in part and modified in part.

The facts are stated in the opinion of the court.

George W. Waldorf and Edwin A. Wilcox for Appellants.

Owen D. Richardson for Respondents.

CURTIS, J.—On March 7, 1922, Walter W. Babb, a single man, executed his will, by the terms of which he gave to his uncle, Edward N. Williams, "all the money I may have in any bank at the time of my decease, and all the money I may then have loaned out." This provision was contained in paragraph II of his will. By paragraph III of said will, after reciting that he was one of the heirs at law of Mary L. Taylor, deceased, and as such was entitled to an interest in her estate, he disposed of said interest as follows: "I give, devise and bequeath all my right, title and interest in said Mary L. Taylor estate, and the real and personal property thereto belonging as follows, to-wit." Then follows the five

names of respondents herein, each of whom was given an undivided one-fifth of the testator's interest in the estate of Mary L. Taylor, deceased, and the property thereof. By paragraph VI of said will, the respondents, Harriet B. Sargent and Lucy S. Boyd, were named as his residuary legatees. The testator died on October 26, 1925, at which time there was on deposit in the Bank of San Jose, at San Jose, California, to his credit, the sum of $7,652.54. At the time he executed his will the estate of Mary L. Taylor, deceased, was in course of administration and was still unsettled at the time of the death of said testator. During his lifetime and subsequent to the execution of said will said testator received from the estate of said Mary L. Taylor, deceased, the sum of $4,048.20 in money in 70 shares of the capital stock of the Cincinnati Discount Company. The money received from the Taylor estate was deposited to the credit of testator by him in said Bank of San Jose and was undoubtedly a part of the money the said deceased left on deposit in said bank at the time of his death. The executor of the will of said deceased received from the 70 shares of the capital stock of the Cincinnati Discount Company the sum of $4,620, $420 as dividends on said stock, and $4,200 from a subsequent sale thereof. Said executor also received the sum of $97 direct from the estate of Mary L. Taylor, deceased, which last-named sum was the only money or property received by said executor from said estate. On the final distribution the probate court distributed to respondents the sum of $8,765.20, which sum was made up of said sum of $4,048.20, received by said testator during his lifetime from the estate of Mary L. Taylor, deceased, the further sum of $4,620 being the proceeds received from the said 70 shares of the capital stock of the Cincinnati Discount Company, and also said sum of $97 received by said executor direct from said estate of Mary L. Taylor, deceased. Other property belonging to the estate of Walter W. Babb, deceased, was distributed according to the terms of his last will and testament and there is no controversy over the correctness of the decree of distribution in respect to this last mentioned property. From that part of the decree of distribution, however, distributing to the respondents the said sum of $8,765.20, the said Edward N. Williams has appealed,

both as the executor of said will and also individually as one of the legatees under said will.

[1] This controversy is entirely between the different legatees under the last will of said deceased, in which controversy the executor of said will, as such, has no interest. He is not a party aggrieved by a decree of distribution determining the rights of several devisees to the estate of the testator (2 Cal. Jur. 220; *Estate of Ross,* 179 Cal. 358, 360 [182 Pac. 303] ; *Estate of Marrey,* 65 Cal. 287 [3 Pac. 896]). The appeal of the executor should therefore be dismissed.

[2] The appeal of Edward N. Williams as a legatee under the will of said deceased, claiming that the property of said estate, or, at least a portion thereof, distributed to the respondents herein, should have been distributed to him under the terms of said will is properly before us. It is the contention of appellant that said sum of $4,048.20 (received by the testator during his lifetime from the estate of Mary L. Taylor, deceased, and which was on deposit with the Bank of San Jose, with other moneys of said testator at the time of the latter's death) should have been under paragraph II of said will distributed to him. On the other hand, the respondents, seeking an affirmance of the decree of distribution distributing this money to them, assert that as this money was received by said testator from the estate of Mary L. Taylor, deceased, it was by the terms of paragraph III of said will bequeathed and devised to them and was therefore rightfully distributed to them.

[3] A will speaks from the date of the death of the deceased and not from the date of its execution (*Estate of Rounds,* 180 Cal. 386 [181 Pac. 638] ; *Estate of Page,* 181 Cal. 537 [185 Pac. 383] ; 1 Redfield on Wills, 3d ed., sec, 30; 3 Woerner's American Law of Administration, 3d ed., sec. 419; 40 Cyc. 1424). The rule is stated in the above citation from Cyc. in the following language: "Although for some purposes a will is considered as speaking from the date of its execution, as a general rule it speaks from the death of the testator and must be construed as operating according to the state of things then existing, . . . " In 1 Redfield on Wills, third edition, section 30, we find the rule expressed as follows: "The very nature of the testamentary act, which is expected to take effect only at the time of the

decease of the testator, presupposes, that so far as facts and circumstances are susceptible of anticipation by him, so as to enable him to place himself in the position he will then be, relatively to his property and his obligations to his family, that he will have used the language of his will, with reference more particularly to that period."

Examining the will of the testator, Walter W. Babb, deceased, in the light of the rule enunciated by these authorities, we are forced to the conclusion that when the testator in paragraph II of his will used the expression, "Unto my Uncle, Edward N. Williams, . . . I give and bequeath all the money I may have in any bank at the time of my decease," he intended to refer, and did refer, in as clear and apt language as it was possible for him to employ to all the money which belonged to him and which was on deposit in any bank at the time of his death, irrespective of the sources from which he had received said money. Any other construction would do violence to the plain and direct intent of the testator as expressed in this paragraph of his will. Therefore, the provision of paragraph II of his will, devising and bequeathing to appellant the money on deposit in any bank at the time of his death, must control unless there is some other direction contained in the will limiting this provision or evincing a clear intent to make a different disposition of said money or of some part thereof. Respondents contend that such a provision is to be found in paragraph III of the will whereby the testator devises and bequeaths to them all of his right, title, and interest in the estate of Mary L. Taylor, deceased, and the property belonging thereto. As we have already seen, at the time of the execution of the will the Taylor estate was in process of administration and during the lifetime of the testator he received from said estate and deposited to his credit in said bank the sum of $4,048.20. He also received the 70 shares of capital stock in the Cincinnati Discount Company. So that at the death of said testator this money and these shares of stock previously received by him from said estate were no part of the Taylor estate, but constituted a part of the estate of the testator in kind and character as they existed at the time of his death. This property had been severed from the Taylor estate and completely extinguished

as a part of said estate upon its receipt by the testator.
Thereafter it had no relation to said estate except as money
and property derived therefrom.   Therefore when paragraph
III of the will is read, having in mind the rule that a will
speaks from the date of the death of the testator, in connec-
tion with the interest of the testator in the Taylor estate,
it can only refer to the interest therein at the death of
the testator and cannot be extended or enlarged so as to
include or embrace any part of the property previously
received by said testator from said estate.   [4]   The receipt
by the testator of the money and property from the Taylor
estate produced an ademption of the legacies to the respond-
ents in so far as the money and property so received by the
testator might have been included in said legacies had said
money and property remained a part of the Taylor estate
up to and including the date of the testator's death (*Estate
of Goodfellow*, 166 Cal. 409 [137 Pac. 12]).   The legacies
bequeathed to respondents by said will were specific legacies
(Civ. Code, sec. 1357).   "Ademption is effected by the
extinction of the thing or fund bequeathed, . . . (*Kramer*
v. *Kramer*, 201 Fed. 248).   Had the Taylor estate been
finally distributed during the lifetime of the testator "the
thing or fund" bequeathed to the respondents would have
been completely extinguished at the date of the testator's
death and the respondents would have taken nothing under
paragraph III of testator's will.   In so far as any part
or portion of the Taylor estate had been distributed to the
testator during his lifetime, to that extent had the fund or
property bequeathed to respondents become extinguished,
and they are entitled to receive under the provisions of said
will only that portion of the fund or property remaining
at the date of the testator's death.   In *Estate of Goodfellow,
supra*, the testatrix directed her executors "to proceed to
obtain the sum of $5000.00 from my share of Dr. Demp-
ster's estate, and to place it in the care of the Methodist
Episcopal Conference . . . Said Conference being pledged
never to use said $5000.00 except as part of an endowment
fund for a school for Methodist ministers."   The testatrix
was a daughter of Doctor Dempster and one of his heirs.
After the execution of her will, but prior to her death, how-
ever, the estate of her father had been closed and the prop-

erty thereof finally distributed in accordance with the terms of his will. It was held that the legacy of $5,000 to the Methodist Episcopal Conference was adeemed by the final settlement of said estate and the distribution to Mrs. Goodfellow of her interest therein prior to her death. For the same reason it must be held that the bequest to respondents was adeemed to the extent of the property of the Taylor estate distributed to the testator during his lifetime and said respondents are therefore entitled to receive under paragraph III of said will only such interest in the Taylor estate and the property thereof as existed at the date of the testator's death. We are, therefore, of the opinion that the probate court was in error in distributing to the respondents said sum of $4,048.20, received by said testator during his lifetime from the estate of Mary L. Taylor, deceased. Appellant herein was entitled to have said amount distributed to him under the terms of said will, whereby he was given all the money of said testator on deposit in any bank at the date of the death of said testator.

[5] Appellant further contends that a similar error was made by said court in distributing to respondents said sum of $4,620, being the proceeds received from said 70 shares of the capital stock of the Cincinnati Discount Company. These shares of stock, as we have already seen, were received by the testator from the Taylor estate during the lifetime of the testator and comprised a portion of his estate at the date of his death. The appellant, under the will of the deceased, was given only the money belonging to said deceased and deposited in any bank and such money as said testator had loaned out. He was, therefore, not entitled to any of the proceeds received from said 70 shares of stock, and if any error was made by the court in distributing said proceeds to respondents, the appellant is not a party aggrieved thereby except to the extent hereinafter considered, which does not necessitate a reversal of said order, but at most a modification thereof. While appellant concedes that he was not entitled to any of the proceeds derived from said shares of stock, he contends that said proceeds should be distributed solely to the respondents, Harriet B. Sargent and Lucy S. Boyd, as residuary legatees under paragraph VI of testator's will and not to all of the respondents herein under para-

graph III of said will.  [6]  He further contends that had
such proceeds been distributed to the said residuary legatees,
it would have been the duty of said court to have deducted
from the said proceeds the debts of said deceased, his funeral
expenses, and the expenses of administration before making
any distribution of the residue thereof, and that only the
residue of said proceeds should have been distributed to said
residuary legatees.  It appears from the record that the en-
tire property of the estate was distributed to the several
legatees and devisees named in said will and that said dis-
tribution was made of the several parts or portions of said
estate as special bequests or devises and that said court ap-
portioned the debts of said deceased, the funeral expenses,
and the expenses of administration among the several dev-
isees and legatees in proportion to the amount of property
which each one of them received, and that the portion which
appellant was required to pay under this plan was the sum
of $901.21, which amount was deducted from the amount
of the legacies bequeathed to appellant.  It is the appellant's
contention, therefore, that had the proceeds received by the
executor from said shares of stock been distributed to the
residuary legatees under paragraph VI of said will, he
would not have been required to deduct from the amount
of the legacies bequeathed to him said sum of $901.21.  With
this contention of appellant we must agree.  As already
indicated herein the respondents were not entitled to receive
under paragraph III of said will any part of the money
or property received by the testator during his lifetime from
the estate of Mary L. Taylor, deceased.  This property, as
we have also seen, included said sum of $4,048.20 in money
received directly from the Taylor estate and the $4,620 re-
ceived by the executor as proceeds from said shares of
stock, but by the terms of said will said sum of $4,048.20
should have been distributed to the appellant and the dis-
tribution of the said sum of $4,620 was governed by the
provisions of paragraph VI of said will, bequeathing the
residue of the said estate to the respondents, Harriet B.
Sargent and Lucy L. Boyd.  All the bequests and devises
under said will, except that to the residuary legatees, were
specific and that to the residuary legatees was general (Civ.

Code, sec. 1357). Property bequeathed to a residuary legatee must be resorted to for the payment of the debts of the deceased, funeral expenses, and expenses of administration, prior to any resort being made to property specifically devised or bequeathed (Civ. Code, sec. 1359; Code Civ. Proc., sec. 1563). The debts of the testator, funeral expenses, and the expenses of administration in the present estate should, therefore, have been deducted in whole from the property bequeathed by said testator to the residuary legatees. It was accordingly error for the trial court to have provided in said decree of distribution for the payment by appellant of said sum of $901.21 as appellant's proportionate share of said debts, funeral expenses, and expenses of administration. The decree of distribution awarding the proceeds received by the executor from the shares of stock in the Cincinnati Discount Company to all of the respondents was not appealed from by the respondents, Harriet B. Sargent and Lucy S. Boyd, the residuary legatees, the parties aggrieved by said decree. It, therefore, in so far as the rights of these two respondents are concerned, is final and conclusive against them. Accordingly, it should not be reversed. It should be modified, however, by striking from said decree the provision thereof deducting from the amount distributed to appellant the sum of $901.21 as appellant's proportionate share of the debts of deceased, funeral expenses, and expenses of administration.

The appeal of the executor is dismissed. That portion of said decree of distribution distributing said sum of $4,048.20 to respondents is reversed, with directions to the probate court to enter its decree distributing to appellant the said sum of $4,048.20, in addition to the other sums of money and property distributed to appellant by said decree of distribution. Said decree of distribution is also directed to be modified by striking therefrom the provision contained therein deducting from the amount of the legacies bequeathed to appellant said sum of $901.21 as appellant's proportionate share of the debts of deceased, the funeral expenses, and expenses of administration. It is directed that such decree further provide that said sum of $901.21 be deducted from said sum of $4,620, and that the amount

remaining after making such deduction be distributed to respondents.

Waste, C. J., Richards, J., Shenk, J., Seawell, J., Langdon, J., and Preston, J., concurred.