522

## PARROTT et al. v. UNITED STATES.
### No. 17686–S.

District Court, N. D. California, S. D.
June 29, 1929.

Knight, Boland & Christin, of San Francisco, Cal., for plaintiffs.

George J. Hatfield, U. S. Atty., and Chellis M. Carpenter, Asst. U. S. Atty., both of San Francisco, Cal. (A. W. Gregg, Gen. Counsel, Bureau of Internal Revenue, of Washington, D. C., Ottamar Hamele, Sp. Atty., Bureau of Internal Revenue, of Washington, D. C., of counsel), for the United States.

ST. SURE, District Judge.

John Parrott, the immediate decedent, hereinafter called "decedent," died testate January 20, 1918. His mother, Abby M. Parrott, referred to hereafter as "prior decedent," died, testate, October 6, 1917, decedent being a beneficiary under her will, resulting in his inheritance of real and personal property to the value of $519,919.52. This value formed part of the gross estate of the prior decedent and federal tax paid thereon, and also formed part of the gross estate of decedent. In addition to the inheritance so valued, the other gross estate of decedent, consisting entirely of personal property, was valued, on audit of the Internal Revenue Commissioner, at $1,428,596.15.

The federal estate tax return by the executors of decedent, showing net estate $1,137,984.10, was accompanied by payment of tax of $98,558.09. The audit of the Commissioner found a net estate of $1,378,596.15, with an additional tax of $28,873.45. April 23, 1923, the executors paid $21,880.36 thereof, and the balance, $6,993.09 with $1,109.63 interest ($8,102.72), under protest, November 25, 1924, with claim for abatement and claim for refund thereof as taxes illegally collected. These claims were finally denied by the Commissioner March 6, 1925, by letter to the executors. This suit resulted.

The increase of the net estate determined by the Commissioner and resulting in additional tax of $28,873.45 was in part made through the reduction by him of the deduction of $519,919.52, claimed as prior taxed property deductible under paragraph 2, § 403(a), Revenue Act of 1921 (42 Stat. 279), by the amount of $79,484.45, made up of administration expenses, etc., $76,984.45, deductible under paragraph 1, § 403(a), and $2,500 charitable bequest deductible under section 403(a) paragraph 3, of the same act, on the assumption that the value of the deduction ($519,919.52) under paragraph 2, § 403(a), was reduced as already "deducted under paragraphs (1) or (3) of subdivision (a) of this section," section 403(a), par. 2, because the technical ultimate source fund for reimbursement to the executors of advances for the payment of administration expenses, charitable bequest, etc. ($79,484.45), was derived from the proceeds of mortgage of prior taxed real property by the heirs of decedent.

Exclusive of the prior taxed property valued at $519,919.52, there was at all times in the general estate, and also in the residue of the estate, personal property of value of more than a million dollars, available to the executors for payment of all these charges and in excess of the determined value of prior taxed property and the property and money necessary to satisfy the specific bequests under the will.

Except that here we have property and not funds in bank, and except that the prior taxed property was actually and technically the source fund for payment, it seems to me that the situation is identical with that in Seaboard National Bank, Executor, v. Commissioner, 11 B. T. A. 1386, at page 1396, and that there resulted here, as there, no actual reduction of value already "deducted under paragraphs (1) or (3) of subdivision (a) of this section" of prior taxed property under paragraph 2, section 403(a), Revenue Act of 1921, by the whole or any part of $79,484.45.

However, the executors conceded and paid without protest part of the taxes resulting from the increase of the net estate by the reduction of prior taxed property, in the proportion (26.68285 per cent.) which the prior taxed property bore to the entire estate of decedent, on their application of the California statute (section 1516, Code of Civil Procedure) that "all of the property of a decedent shall be chargeable with the payment of the debts of the deceased, the expenses of administration * * * except as otherwise provided in this code and in the Civil Code. * * * There shall be no priority as between personal and real property for the above purposes." Assuming that generally their theory was correct, but that the particular statutes applicable were sections 1560 and 1562, Code of Civil Procedure, as construed in Estate of Traver, 145 Cal. 508, 78 P. 1058, and Estate of Babb, 200 Cal. 252 at page 259, 252 P. 1039, an order (April 9, 1929) was made for further proof by plaintiffs as to proper funds applicable and available for the payment of expenses involved in this proceeding as such application and availability have been determined by the state court in this or analogous estate proceedings under will, with particular regard to the status of the prior taxed property as comprising solely or in part such proper fund. Such proof consisted in a certified copy of the will of decedent and "memorandum as to specific bequests and residue in estate of John Parrott, deceased", the latter being a compilation of figures from the Commissioner's audit which formed part of the agreed statement of facts. This proof showed, on the theory of proportionate liability, a technical reduction of the prior taxed property falling into the residue of the estate of decedent of 28.96 per cent. of the administration expenses, etc. ($76,984.45) or $22,294.70; but no reduction on account of the $2,500 charitable bequest, because payable out of the general funds of the estate under section 1357, Civil Code, pars. 2 and 5, and resulted in the finding of $7,549.04 as excess tax and interest instead of the $8,102.72 here sued for after plaintiffs' concession and payment of the 26.68285 per cent. of the additional tax imposed by the Commissioner as previously set forth.

But both theories proceed on the liability of the prior taxed property as part of the decedent's estate for payment of the expenses and bequest involved, proper on the determination by settlement of account or distribution under administration or probate, to affect the resulting shares to be taken by heirs or distributees. No such question is here at issue. We are "attempting to apply a taxing statute which allows certain classes of expenditures as deductions to an estate before subjecting the transfer of the net estate to tax *and at the same time prevents any part of the same estate from being subjected to the same kind of tax within a five-year period,*" and *"to carry out the intent of Congress that administrative expenses should be allowed as deductions and that prior-taxed property should not again be included in the net estate of the second decedent."* John F. Archbold, Executor, 8 B. T. A. 919 at page 928.

Taxing statutes should be interpreted from a reasonable viewpoint, Gould v. Gould, 245 U. S. 151, 38 S. Ct. 53, 62 L. Ed. 211; Rodenbough v. U. S. (C. C. A.) 25 F.(2d) 13, and substance rather than form is to be regarded in their application, United States v. Phellis, 257 U. S. 156, 42 S. Ct. 63, 66 L. Ed. 180, and cases cited.

"If the value of the present estate which came into the hands of the executor at the time of the decedent's death was sufficient in amount to cover all expenditures deductible under paragraphs (1) or (3), a double deduction would not result from the allowance under paragraph (2) of an amount equal to the value at which the prior-taxed property was included in the gross estates of the prior and present decedents. The statute deals with values and not with specific, earmarked

pieces of property." Seaboard National Bank of New York, Executor, 11 B. T. A. 1386 at page 1396. Here it was shown that there was ample value in the executors' hands at the time of decedent's death to meet many times over all the expenses involved as well as to satisfy the specific bequests under the will, and with this I think the executors have proved the estate entitled to the deduction.

I am of the opinion that the executors were entitled to the deduction of the found value of the prior taxed property under paragraph 2, and to the further deduction of the full amount of the administration expenses, etc., under paragraphs 1 and 3, § 403(a), Revenue Act of 1921.

Plaintiffs may therefore have judgment as prayed for, with interest at 6 per cent. from November 25, 1924, to judgment, and proper costs of suit, on special findings to be filed. Revenue Act of 1928, § 615, Judicial Code, § 177(b), and § 152, 28 USCA § 284 (b), and § 258.