[Civ. No. 9628.   First Appellate District, Division One.—January 22, 1935.]

In the Matter of the Estate of IDA M. BRICKELL, Deceased. BANK OF AMERICA NATIONAL TRUST AND SAVINGS ASSOCIATION et al., Appellants; VIRGINIA KELLENBERG et al., Respondents.

Thos. C. Ryan and James W. Harvey for Appellants.

Walter H. Linforth, William M. Cannon and Jesse H. Miller for Respondents.

TYLER, P. J.—Appeal by the executors of the will of deceased from a decree of partial distribution of certain furniture belonging to the estate. At the time deceased executed her will she owned a considerable amount of this character of personal property, some of which was in storage, some in her rooms at the Palace Hotel, and some in an apartment house owned by her. The furnishings in the apartment house present the subject of the present controversy. At the time the will was executed the deceased owned the Whiteside Apartments, a four-story brick building. The building was leased as a whole, and the lessees owned the furniture in the building. This furniture was mortgaged to the decedent to secure the payment of the rent under the lease. On the 1st of December, 1930, on foreclosure of the chattel mortgage for accrued rental, the deceased became the owner of the furniture, having purchased the same for the sum of $1350. Between the time she thus acquired the furniture and the time of her death, November 29, 1931, the deceased added about $1,000 to it in the way of replacements and betterments. At the time

of her death the furniture cost about $2,500. The will of deceased consists of some sixteen provisions. We will refer only to those necessary for a consideration of the controversy.

Under one provision, deceased bequeathed her dining room suite to one Carolyn Snyder. By another provision she bequeathed all her wearing apparel, furs and the rest of her furniture to Virginia Kellenberg and Jennie Vandervoort, her two sisters, share and share alike. The fourteenth clause provided that as soon as practicable all corporate stocks, bonds and real estate should be converted into cash so that distribution might be made in cash.

Virginia Kellenberg and Jennie Vandervoort, the two sisters named in the provision of the will above referred to, petitioned the court for a decree of partial distribution, distributing to them the furniture owned by the decedent at the time of her death, which included that contained in the apartment house as above narrated. The court decreed its distribution to petitioners, together with the sum of $100 per month from the date of the death of decedent as and for reimbursement to petitioners for rental of said furniture received by the executors during the period from the death of decedent up to the date of the decree of distribution. From this decree of partial distribution, this appeal is prosecuted by appellants as executors and as trustees under the last will of deceased. It is their contention: (1) that decedent did not intend to bequeath the furniture in the apartment house to her sisters, but that her intention was to leave only her personal furniture to them; (2) that it was error for the court to decree partial distribution, for the reason it is impossible to rent the apartment house without the furniture, and thereby damage will result to the estate and to those interested therein; and (3) that even if the sisters are entitled to the apartment house furniture, the rental value thereof as fixed by the court is excessive.

In support of their first contention, it is claimed by appellants that as the deceased did not own the apartment house furniture at the time she made her will, it merely being held by her as security for the rental on the real estate, it, together with the rent, should be considered as a covenant running with the land, and should be sold to-

gether with the real property and as a part thereof, as directed in the provision of the will requiring her real estate to be converted into cash. There is no force in this argument, for the reason that a year prior to her death deceased acquired full title to the furniture in question and it was subject to whatever disposition she saw fit to make of it, testamentary or otherwise. ▮ The rule, as frequently expressed, is that a will generally speaks as of the time of the testator's death. While this rule will not be applied to defeat a testator's intent, where, as here, there is nothing in the will to indicate that the testatrix intended that the will should speak from a different date than from the time of her death, it will be given that effect and will be construed as operating according to the state of things thus existing. The very nature of the testamentary act, which is expected to take effect only at the time of the decease of a testator, presupposes that so far as facts and circumstances are susceptible of anticipation by him, so as to enable him to place himself in the position he will then be, relative to his property and obligations, that he will have used the language of his will, with reference to that period. (1 Redfield on Wills, 3d ed., sec. 30; 69 Cor. Jur., p. 126; *Estate of Babb*, 200 Cal. 252 [252 Pac. 1039].) Here in plain and unambiguous language the testatrix, after making a special bequest of certain furniture, also provided in her will that the rest of her furniture should go to her sisters, respondents herein. Under these circumstances the contention of appellants that the disposition referred to the furniture other than contained in the apartment house cannot be sustained. Such a construction would not only do violence to the intention of the testator but also to the express and plain language of the will.

▮ Equally without merit is the contention that there is no evidence to sustain the finding of the court that distribution of the furniture in the apartment house can be made without injury to the estate or any person interested therein. No claim is here made that the estate is insolvent. Over twenty-two months had elapsed since the death of decedent at the time the decree was granted. By the express terms of the will the real estate was to be sold. Respondents can hardly be expected to wait indefinitely to enjoy their legacies simply because the estate might pos-

sibly profit from the use of the furniture, especially when the value of this character of property is very materially affected by its use.

Nor do we think the court erred in distributing the sum of $2,200 cash as a reasonable rental value for the period of its use. This question presented an issue of fact. The evidence before the court was ample to justify its finding that $100 per month, the sum allowed, was the reasonable rental value of the property.

Respondents raise the point that appellants, as executors and trustees, are not parties aggrieved by the decree, as they are in no manner affected by it and have therefore no right to prosecute this appeal. It appears from the will that the trustees are bequeathed the sum of $70,000 to be held in trust for the nieces and nephews of the deceased. Whether under the circumstances they are aggrieved parties and entitled to appeal as such is a question that is unimportant considering we have decided the appeal on its merits.

The order and decree are affirmed.

Knight, J., and Cashin, J., concurred.

A petition by appellant to have the cause heard in the Supreme Court, after judgment in the District Court of Appeal, was denied by the Supreme Court on March 21, 1935.