[Civ. No. 19020.   Second Dist., Div. One.   Dec. 12, 1952.]

Estate of CONCEPCION SUMAZA DIAZ, Deceased. JOSE-
PHINE MASON, Respondent, v. DANIEL J. DIAZ,
Individually and as Guardian, etc., Appellant.

Nathan Kates and Gerald B. Tannen for Appellant.

Ardy V. Barton for Respondent.

PATROSSO, J. pro tem.—This is an appeal by Daniel J.
Diaz, individually and as guardian of the estate of Arturo S.
Diaz, a minor, from an order confirming the sale of a parcel of
real property belonging to the above named estate.

The hearing upon the petition for confirmation and the objections thereto filed by the appellant was conducted in a most informal manner. The only witness produced upon the hearing was the respondent administratrix who testified briefly as to the location of the property in question and that the house located thereon was "quite run down." The balance of the hearing consisted of a discussion between the court and counsel as to the proper interpretation of decedent's will, in the course of which various statements of fact were made which were by all parties seemingly treated as evidence. As a result the record before us is both meager and unsatisfactory, but, as indicated by their briefs here, counsel are in agreement with respect to the following facts:

The decedent, a widow, died on February 26, 1946, leaving six children of whom Arturo S. Diaz was the only minor. Aside from a small amount of cash and personal property of little value, admittedly insufficient to pay debts and expenses of administration, the estate consists of the parcel of real property the sale of which was confirmed by the decree appealed from. The property contains approximately $2\frac{1}{4}$ acres, having a street frontage of 194 feet and a depth of 530 feet, and is improved by a dwelling house 20 x 40 which is located in the middle of the parcel. The entire parcel is subject to a lien of approximately $900 in favor of the county of Los Angeles for medical aid furnished to the decedent and members of her family at the Los Angeles County General Hospital. The nature and extent of the other indebtedness of which counsel make mention does not appear although there is a recital in the trial court's findings that the amount thereof is "in excess of $1,400.00 as settled in the decree of this court on April 9, 1951." This decree is not before us and there is no evidence in the reporter's transcript with respect thereto, but inasmuch as no objection is made to this finding by the appellant, and as it is conceded that the assets of the estate aside from the real property in question are insufficient to pay the debts and expenses of administration, we do not regard the matter as of particular consequence.

The will of the decedent comprises a series of eight documents in the Spanish language, each written, dated and signed in the handwriting of the decedent and bearing the various dates of December 13, 14, and 15, 1945. Copies of the originals, as well as the English translations thereof, are

included in the clerk's transcript, and those with which we are primarily concerned are as follows:

"December 13, 1945

"Testament in favor of my sons Daniel and Arturo Diaz y Sumaza. Daniel shall be responsible for his minor brother, who is eight years of age, until he becomes twenty-one years old. For the benefit of both I bequeath the house and the furnishings, also fifty square feet of land around the house."

"December 14, 1945

"Testament. In favor of Arturo Diaz. The house and the furnishings and fifty square feet. The brother who will take charge of him will have the right to live in the house and otherwise whatever rental the house may bring shall be applied to pay his expenses and if his brothers should not treat him well they shall be disqualified and another person shall be appointed to care for him and to educate him. The front room shall be Arturo's bedroom as long as he is in this house."

In another of the documents, dated December 15, 1945, which need not be set forth at length, we find the following: "All my debts are paid. I owe nothing to anyone. . . . All my children are obligated to pay for the funeral expenses, medicines and the doctor."

The remaining documents comprising the will purport to dispose of real property described as "two lots on the south side which joins Elm Street to Baca Street, 50 feet wide by 190 feet long"; "one lot of 50 by 190"; "three lots"; "two lots 50 feet wide by 90 feet long"; and "one lot." Inasmuch as it is undisputed that decedent owned no other real property, these various lots seemingly were to be carved out of the parcel of real property in question, although we are advised by counsel that there are no streets named Elm or Baca in the immediate vicinity, and the property has frontage only upon one street, the name of which does not appear.

Appellant's objections to the sale in the trial court as well as here are predicated upon the contention that the language of the will quoted above constitutes a valid specific devise to the minor Arturo of the house and some portion of the real property upon which it is situated, and (so it is said) as there are no valid specific devises of the remaining portion of the property, such remaining portion, under the provisions of Probate Code, section 750, should be resorted to for the payment of debts and expenses of admin-

istration before a sale of the portion devised to Arturo could be validly decreed. Counsel for respondent, upon the other hand, contends that the words, ''50 square feet'' as applied to the area of land attempted to be devised with the house are so indefinite as to render the entire devise to Arturo invalid, and hence that the trial court properly decreed the sale of the entire parcel.

The trial court by the decree confirming the sale did not attempt to adjudicate the validity or the extent of the devise to Arturo although in its findings of fact and conclusions of law it purported to find as untrue the allegation contained in the objections of the appellant to the effect that the will did ''specifically bequeath to the petitioner (appellant) the house situated upon said real property together with that portion of said real property upon which the house is situated.'' While this finding or conclusion is assailed as unsupported by the evidence, we find it unnecessary to consider the question as to the validity or extent of the devise to Arturo for, if the contention of appellant as to the validity of the devise be conceded, the order appealed from is otherwise adequately supported.

██ Probate Code, section 750, upon which appellant relies, reads as follows:

''If the testator makes provision by his will, or designates the estate to be appropriated, for the payment of his debts, the expenses of administration, or family allowance, they must be paid according to such provision or out of the estate thus appropriated, so far as the same is sufficient. If insufficient, that portion of the estate not disposed of by the will, if any, must be appropriated for that purpose; and if that is not sufficient, the property given to residuary legatees and devisees, and thereafter all other property devised and bequeathed is liable for the same, in proportion to the value or amount of the several devises and legacies, but specific devises and legacies are exempt from such liability if it appears to the court necessary to carry into effect the intention of the testator, and there is other sufficient estate.''

The first sentence of this section is a reenactment in substantially the same form as former section 1560 of the Code of Civil Procedure, while the second is based upon former sections 1562 and 1563 of the same code. The construction which has been accorded to this section and its predecessors

is that the provisions thereof are without application where the testator by his will has made provision for the payment of his debts or has designated the estate to be appropriated therefor. (*Estate of Traver*, 145 Cal. 508, 510 [78 P. 1058]; *Estate of Stevens*, 27 Cal.2d 108, 120 [162 P.2d 918].)

■ Here, as noted above, the testatrix by her will directed that "all my children are obligated to pay for the funeral expenses, medicines and the doctor." When considered in the light of the preceding statements that "all of my bills are paid" and "I owe nothing to anyone," this language to us evinces a clear intention upon her part not only to place all of her children upon a parity insofar as the payment of her debts are concerned, but likewise negatives the idea that the disposition made in favor of any one of them was to be exempted from liability therefor. We are not unmindful of the fact that the direction to the children for the payment of her obligations makes mention only of the funeral expenses and the medical and doctor's bills and is silent as to other debts and expenses of administration, but we believe it fairly evident that in so stating she assumed that there would be no obligations to be discharged by her estate other than those specifically mentioned. Considering this provision of the will in its entirety, it is fairly inferable therefrom that she intended to impose upon each of her children the obligation of paying or discharging all of her debts whatever they might be. Were it otherwise, however, the principal indebtedness of the estate is the lien in the sum of $900 representing hospital and medical aid rendered to the decedent and members of her family by the Los Angeles County General Hospital, and it would appear reasonably clear that this item of indebtedness at least is comprehended by the language of the will imposing upon all her children the obligation of paying for "medicines and the doctor." ■ Hence the Probate Code section cited is inapplicable, and as admittedly there is insufficient personal property to discharge this obligation and the only property available therefor is the real estate in question, it follows that the trial court's action in confirming the sale was proper.

We have heretofore adverted to the fact that the decree appealed from does not purport to adjudicate the validity or extent of the device to Arturo, and an examination of the reporter's transcript indicates that it was not the intention of the trial judge to do so. After having orally announced his decision to confirm the sale the trial judge, in answer to an inquiry by the clerk as to the disposition to be made of a

pending petition for the interpretation of the will which was on the calendar for hearing at the same time, stated: "That will go off calendar. I can't rule on that. I imagine when you get it worked around that the boy (Arturo) will get most of this money (proceeds of the sale)." Thus it would appear that the court entertained the view that, despite the sale of the property, all questions with respect to the construction of the will, including the validity and extent of the devise to Arturo, were to be reserved for determination until final distribution, at which time, pursuant to section 753 of the Probate Code, it would also be called upon to decide what contribution should be made by the other beneficiaries in the event the court should then decide that the device to Arturo was valid. Any prior determination of this question would be premature. (*Estate of Reinhertz,* 82 Cal.App.2d 156, 159 [185 P.2d 858, 186 P.2d 755]; *Estate of Stevens, supra,* 27 Cal.2d 108, 120.) It is evident also that this was and is the understanding of counsel for the respondent for in his brief he expressly concedes that the order confirming the sale does not operate to prejudice the rights of Arturo in this respect, and that his rights, whatever they may be, extend to the proceeds of the sale to the same extent as they existed with respect to the realty.

Notwithstanding the foregoing, we can well appreciate the apprehension of counsel for appellant in view of the trial court's finding already adverted to which, in effect, declares that the will does not operate to devise to Arturo the house and a portion of the property in question. In order to avoid the possibility of the claim being advanced at some future date that this finding constitutes an adjudication of the invalidity of the devise to Arturo, the trial court is instructed to reframe its findings of fact and conclusions of law so as to expressly declare that no adjudication is made as to the validity or extent thereof, and that all questions with respect thereto are reserved for later determination in an appropriate proceeding.

While, for the reasons stated, we have refrained from undertaking to determine the validity or extent of the purported device to Arturo, we offer the observation that the devise of the house would seemingly carry with it at least so much of the land as it actually covers irrespective of any uncertainty in the language of the will as to a greater area (*Crawfordsville* v. *Boots,* 76 Ind. 32, 34; *McMillan* v. *Solomon,* 42 Ala. 356, 358 [94 Am.Dec. 654]). We also suggest for the con-

sideration of the trial court in any subsequent proceeding the desirability of inquiry as to whether the present translation of the decedent's will correctly reflects the meaning of the original Spanish text, namely whether a more accurate translation of the portion thereof undertaking to devise some part of the real property to Arturo is "a piece of land 50 feet square" rather than one having an area of 50 square feet.

As modified in the particulars hereinbefore mentioned, the decree is affirmed, appellant to recover costs of appeal from the estate, payable in due course of administration.

White, P. J., and Drapeau, J., concurred.