[Civ. No. 30609. First Dist., Div. Two. Oct. 17, 1972.]

Estate of CURT R. REICHEL, Deceased.
CROCKER-CITIZENS NATIONAL BANK, as Executor, etc.,
Petitioner and Respondent;
MARIANNE E. REICHEL, Contestant and Appellant.

**COUNSEL**

Ehrlich, Allison, Rovens & Shenk and Irving Rovens for Contestant and Appellant.

Hession, Creedon, Hamlin, Kelly, Hanson & Farbstein and Dennis Hession for Petitioner and Respondent.

## OPINION

KANE, J.—A single issue, but one of first impression, is presented by this appeal from a portion of an order settling an executor's account and report.

### The Facts

Curt R. Reichel died on or about April 11, 1969. The devisees and legatees named in his will are his wife (appellant herein) and his daughter. On June 16, 1970 several specific legacies including (1) $10,000 in cash and (2) his family residence were distributed to appellant by a judgment of preliminary distribution. In making distribution of this property, the respondent executor deducted from the $10,000 bequest, among other things, two installments of real estate taxes levied upon the real property and an insurance premium for coverages relating to the real property. The reason given for the deductions was that the appellant wife had from the date of death of her husband occupied the real property as her principal residence rent free.

Appellant filed a contest and exceptions to respondent's first account and report and petition for settlement thereof on the ground that the taxes and insurance premium paid by the respondent on the real property constitute expenses of administration and must be charged against the residue of the estate pursuant to the provisions of section 750 of the Probate Code. ■ The issue thus framed, simply stated, is: *Where specifically devised real property produces no income but is occupied rent free by the devisee from the date of death of testator until its distribution, are real property taxes and other expenses attributable to the property chargeable to the devisee?*

Answering this inquiry in the affirmative the learned trial judge, relying upon *Estate of Bixby* (1956) 140 Cal.App.2d 326 [295 P.2d 68], rejected the contest and approved the executor's accounting. We agree and accordingly affirm.

### The Law

■ The fundamental principle which must govern our resolution of the issue is stated by the *Bixby* court as follows: "A specific legacy or devise carries with it all accretions by way of dividends, interest or rents that may accrue after the death of the testator less, however, all taxes and other expenses attributable to the property during the administration of the estate" (140 Cal.App.2d at p. 334).

Since the specific devise in the case at bench produced no accretions, appellant contends that *Bixby* is not pertinent. In support of this contention, she argues that the mere fact that the specific devisee is permitted by the executor to occupy the devised property rent free during the period it is held by the estate should not make her liable for the real property taxes or insurance premiums. Appellant also suggests that the executor, who has the duty to maintain and preserve the property during the administration period, should distribute it at the earliest opportunity if he wishes to transfer the liability of these expenses to the devisee. Until distribution occurs, appellant argues that taxes and insurance premiums constitute maintenance and preservation costs to be treated as expenses of administration, which, under the provisions of Probate Code, section 750, must be paid from the principal of the decedent's estate. We find no merit in this argument. On the contrary, the rationale of *Bixby* is clearly applicable to the facts of this case.

Thus, the title to the real property to which the expenses (property taxes and insurance) directly relate passed to and vested in the specific devisee, the appellant, at the time of the death of the testator, subject only to probate administration (*Estate of Kalt* (1940) 16 Cal.2d 807, 811 [108 P.2d 401, 133 A.L.R. 1424]; Prob. Code, §§ 28, 300). The residential property was appellant's as of that date, and the sole reason that there was no income to offset these property-related expenses was the fact that she lived in the house rent free. While the court in *Bixby* was concerned with taxes on income accrued upon a specific bequest of stock after the testator's death but before distribution, the reasoning seems equally applicable to the situation dealing with the real property involved here. The *Bixby* court concluded in effect that logic and equity required that a tax burden attributable to income from specifically devised property during the required administration period should be charged against *that* income and not against the principal of the residue (p. 336). Here, the same logic and equity require that the devisee pay the expenses for the benefits (free rent instead of dividend income) she received during administration. Since the executor represents all the beneficiaries of the estate without favoring one over another (*Estate of Lynn* (1952) 109 Cal.App.2d 468, 473 [240 P.2d 1001]; *Estate of Miller* (1968) 259 Cal.App.2d 536, 545 [66 Cal.Rptr. 756]), charging the payments involved in this action to the residuary heirs would clearly be favoring the specific devisee to the detriment of the residuary legatees and cannot be permitted.

Respondent argues, and this court agrees, that appellant's reliance on section 750 of the Probate Code and paragraph Second of the will is misplaced. That section requires that *debts, expenses of administration and*

*family allowance* shall be paid from either such sources as the testator directs or if he expresses no intention with respect to the source, from the residue of the estate (*Estate of Dolley* (1968) 265 Cal.App.2d 63, 70-71 [71 Cal.Rptr. 56]). Section 750 is inapplicable to the case at bench for the simple reason that the taxes and insurance premiums involved here are not debts, expenses of administration or family allowance. *They are charges directly related to specifically devised property becoming payable after death of the testator.* As respondent points out, if appellant's contention were correct, such charges would be payable out of the residue, even if the income from the specifically devised property was sufficient to pay them. That is not the law in California (*Estate of Bixby, supra*).

Finally, appellant contends that paragraph Second of the will, directing the executor to pay, inter alia, "all inheritance and estate taxes . . . together with all *such* taxes as may be due in connection with any property or transfers thereof outside of my probate estate" (italics added) from the residue evinces a testamentary intent that his widow receive the specific bequests free and clear of any charge for debts, expenses or taxes.

We disagree. The reference in the will to payment of taxes out of the residue refers solely to inheritance and estate taxes. Furthermore, although under the will the executor had the "sole and absolute discretion" to "pay all costs, taxes and other expenses incidental" to the assets of the estate, this is *not* a specific requirement that these expenses be treated as a debt of the decedent and paid from the residue. The executor, in his discretion, correctly determined that these expenditures should not be a charge against the residue, but rather a charge against the specifically devised property.

The order settling first account and report of executor is affirmed.

Taylor, P. J., and Rouse, J., concurred.