33 Cal.App.3d 44 (1973)
108 Cal. Rptr. 778
Estate of ALBERT TAYLOR, Deceased.
GEORGE ARTHUR TAYLOR, Petitioner and Respondent,
v.
CRIPPLED CHILDREN'S SOCIETY OF LOS ANGELES COUNTY, Objector and Appellant.
Docket No. 41595.
Court of Appeals of California, Second District, Division Four.
June 21, 1973.
*46 COUNSEL
Poindexter & Doutre, William M. Poindexter and Bruce S. Ross for Objector and Appellant.
Glenn Simpson for Petitioner and Respondent.
OPINION
KINGSLEY, J.
This is an appeal from a decree determining interests in the estate of Albert Taylor. The decree is appealable under section 1240 of the Probate Code of the State of California.
On December 11, 1971, Albert Taylor, age 83, executed a holographic will. Under this will he gave his son, George Arthur Taylor, respondent herein, $1.00. To the manager of the Alvarado Town House, he gave $1,000, and he gave $100 each to various members of the staff. He gave the remainder of his estate to the Crippled Children's Society of Los Angeles County, and the manager of the Alvarado Town House was named as executrix.
Albert Taylor died on February 11, 1972, at a time when sections 40 and 41 of the Probate Code were still in effect.[1]
*47 A petition for probate was filed February 23, 1972, and on March 13, 1972, the will was admitted to probate. The order admitting the will to probate and for letters testamentary was executed March 15, 1972. Probate Code, section 41, granting certain of the decedent's heirs the right to avoid testamentary gifts to charity in excess of one-third of the decedent's estate, was repealed by the California Legislature on November 4, 1971 (Stats. 1971, ch. 1395, p. 2747, § 1), after the execution of decedent's will and prior to decedent's death. The repeal of Probate Code, section 41, became effective on March 4, 1972, after decedent's death, but the repeal was effective prior to the admission of the will to probate.
On May 29, 1972, the son, respondent herein, filed a petition for a decree determining interests in the estate, alleging that he was the son and sole heir of the decedent, and requesting the court to declare the charitable bequest in decedent's will to the Crippled Children's Society void as to two-thirds of the residue of decedent's estate under Probate Code, section 41.
A hearing was had and the court determined that, under Probate Code, section 41, the respondent son and sole heir was entitled to two-thirds of decedent's estate and the Crippled Children's Society was entitled to one-third of the estate.
Appellant, Crippled Children's Society seeks a reversal on the ground that respondent son had no rights under section 41 of the Probate Code, since the effective date of the repeal of that section took place prior to the son's assertion of any rights in the estate under that code section.
The only issue before this court is whether an heir's rights to contest as excessive a decedent's testamentary gift to charity under Probate Code, section 41, is barred where the heir's rights under section 41 of the Probate Code were not asserted until after the effective repeal of that section, but where the death of the testator occurred prior to the effective date of repeal of the section.
Respondent son alleges that, since a will speaks as of the date of the death of the testator (Prob. Code, § 28; Estate of Babb (1927) 200 Cal. 252, 255 [252 P. 1039]), and since Probate Code, section 41, was still in effect on the date of the testator's death, Probate Code, section 41, applies *48 to the facts in the case at bench. Generally speaking, under Probate Code, section 28,[2] title vests in the beneficiaries and in the legatees at the date of death of the testator. (Estate of Kalt (1940) 16 Cal.2d 807 [108 P.2d 401, 133 A.L.R. 1424]; Estate of Reichel. (1972) 28 Cal. App.3d 156, 159 [103 Cal. Rptr. 836].) However, Probate Code, section 28, by virtue of its language, refers only to "testamentary dispositions" by the testator. Section 28 does not refer to rights that may arise in an heir unrelated to a "testamentary disposition." (1) The rights of an heir under Probate Code, section 41, do not arise from a "testamentary disposition." In fact, an heir's rights under Probate Code, section 41, always arise in derogation of the testamentary disposition, which was in favor of a charity. Since an heir's rights under Probate Code, section 41, do not arise from a testamentary disposition, Probate Code, section 28, dealing with the vesting of the rights of beneficiaries and legatees on the death of the testator, has no application.
(2) The right to contest a will and avoid a bequest to charity is a purely personal right. (Estate of Bunn (1949) 33 Cal.2d 897 [206 P.2d 635]; see Estate of Sanderson (1962) 58 Cal.2d 522 [25 Cal. Rptr. 69, 375 P.2d 37].) (3) The claim of an heir under section 41 of the Probate Code must be promptly asserted (see Estate of Sanderson, supra), and it is inchoate and it may be waived. (Estate of Hughes (1962) 202 Cal. App.2d 12, 18 [20 Cal. Rptr. 475]; see Estate of Goyette (1971) 14 Cal. App.3d 224 [92 Cal. Rptr. 62].) Since the rights under section 41 of the Probate Code are inchoate and may be waived, it follows that these incipient rights cannot be considered as vested before they are actually asserted by the heir.
The case of Estate of Adams (1958) 164 Cal. App.2d 698 [331 P.2d 149], is consistent with our holding that an heir's rights arising under section 41 of the Probate Code do not vest until the heir asserts his rights under that section. In Adams, decedent bequeathed the bulk of her estate in trust, with the income to be distributed to decedent's sister for life, and the corpus distributable on the sister's death to certain charities. The sister took no action under Probate Code, section 41, to avoid the bequest to charities, but the sister was taxed on the remainder interest bequeathed to the charities. The appellate court found that, although the remainder to the charities vested in the charities on the death of the testator, the remainder never vested in the heir, because the heir took no action. The court said at page 709: "The bequests to the charities were valid. The remainder vested in the charities on the death of the testator. The bequests were subject to being defeated at the instance of Mrs. Sill. The decree of preliminary *49 distribution distributed the remainder to the charities. Mrs. Sill made no objection to the decree. It became final. It was binding on the state in the inheritance tax proceeding. The remainder did not for a moment pass to Mrs. Sill. Her inaction did not vest any interest in the remainder in her."
(4) Since the vesting of rights in an heir under section 41 of the Probate Code does not occur until the assertion of those rights, and since in the instant case section 41 of the Probate Code was repealed prior to assertion of the rights by the respondent heir, it follows that the son had no rights under section 41 of the Probate Code.
The respondent also states that Probate Code, section 41, is not only a statute of restriction but a statute of intestate succession. (Estate of Goyette, supra, 14 Cal. App.3d 224; Estate of Nicely (1965) 235 Cal. App.2d 174, 184 [44 Cal. Rptr. 804].) Even though Probate Code, section 41, is a statute of intestate succession, it does not necessarily follow that an heir's rights under Probate Code, section 41, vest at the same moment in time that an heir's rights generally vest under intestate succession (see Prob. Code, § 300) in circumstances where Probate Code, section 41, is not involved. (5) Under the law of intestate succession, title vests in an heir immediately on death and no assent or acceptance is required to fix title in the heirs. (Estate of Meyer (1951) 107 Cal. App.2d 799 [238 P.2d 597].) However, as we have said before, the rights of an heir under Probate Code, section 41, are inchoate and waivable until they are exercised. Therefore any general rules on vesting upon death in intestacy are of no avail to an heir who must exercise his rights to complete them.
The case of Estate of Davison (1950) 96 Cal. App.2d 263 [215 P.2d 504], is not inconsistent with our holding that an heir's rights under Probate Code, section 41, do not vest until he exercises those rights. In that case the appellate court held that, where a will was executed at a date when charitable bequests were limited to one-third of the distributable estate, the will was to be interpreted as speaking from the date of the testator's death and subject to only those restrictions on charitable bequests in effect at the time of his death, where this was the testator's intent. Although it is true that it is the law on the date of death of the testator, rather than the law on the date of execution of the will, that is determinative of the rights of beneficiaries, this rule does not negate the fact than an heir seeking rights under Probate Code, section 41, must exercise his inchoate rights in order to have those rights vest. In the case at bench, the respondent son had inchoate, waivable rights at the moment of the death of the testator, since Probate Code, section 41, had not been replaced at that time. *50 But these inchoate, waivable rights were not complete until he took some steps to exercise those rights. Nothing we have said about the exercising of the heir's rights is inconsistent with the Estate of Davison holding that a will speaks as of the date of death, as opposed to the date of execution.
(6) What we have said above is consistent with the general rule that "where a right is created solely by a statute, and is dependent upon the statute alone, and such right is still inchoate, and not reduced to possestion, or perfected by final judgment, the repeal of the statute destroys the remedy, unless the repealing statute contains a saving clause." (Napa State Hospital v. Flaherty (1901) 134 Cal. 315, 317 [66 P. 322]; see People v. One 1953 Buick (1962) 57 Cal.2d 358 [19 Cal. Rptr. 488, 369 P.2d 16].)
What we have said here is also consistent with the policy of the law of wills relating to the intent of the testator. (7) It is the policy of the law to find that estates vest at the earliest possible period, unless a contrary intention is manifested. (Estate of Johnson (1965) 233 Cal. App.2d 785 [43 Cal. Rptr. 913].) (8) Former sections 41 and 43 of the Probate Code are to be strictly construed because they operate against the intent of the testator. (Estate of Reardon (1966) 243 Cal. App.2d 221 [52 Cal. Rptr. 68].) Finally, gifts for charitable purposes are highly favored and bequests to charities "will be liberally construed in order to accomplish the intent of the donor." (Estate of Yule (1943) 57 Cal. App.2d 652, 654 [135 P.2d 386].)
In the case at bench it was the intent of the testator to give his son $1.00 and to give a charity the bulk of his estate. The legislative purpose of Probate Code, section 41, which was to protect heirs who would otherwise benefit (Estate of Hughes, supra, 202 Cal. App.2d 12; Estate of Adams, supra, 164 Cal. App.2d 698), is no longer operative since the repeal of sections 41 to 43. We see no reason to continue an obsolete legislative policy. In accord with the policy of the law that favors accomplishing the intent of the testator, we find that section 41 of the Probate Code was no longer operative.
The decree is reversed. Neither party shall recover costs in this court.
Jefferson, Acting P.J., and Dunn, J., concurred.
NOTES
[1] Probate Code, sections 40 and 41, are as follows: "§ 40. All dispositions by will, whether made in or out of this state, are subject to the provisions of this act limiting charitable bequests and devises. (Stats. 1931, ch. 281, p. 589, § 40.)"

"§ 41. No estate, real or personal, may be bequeathed or devised to any charitable or benevolent society or corporation, or to any person or persons in trust for charitable uses, by a testator who leaves a spouse, brother, sister, nephew, niece, descendant or ancestor surviving him, who, under the will, or the laws of succession, would otherwise have taken the property so bequeathed or devised, unless the will was duly executed at least 30 days before the death of the testator. If so executed at least 30 days before death, such devises and legacies shall be valid, but they may not collectively exceed one-third of the testator's estate as against his spouse, brother, sister, nephew, niece, descendant or ancestor, who would otherwise, as aforesaid, have taken the excess over one-third, and if they do, a pro rata deduction from such devises and legacies shall be made so as to reduce the aggregate thereof to one-third of the estate. All property bequeathed or devised contrary to the provisions of this section shall go to the spouse, brother, sister, nephew, niece, descendant or ancestor of the testator, if and to the extent that they would have taken said property as aforesaid but for such devises or legacies; otherwise the testator's estate shall go in accordance with his will and such devises and legacies shall be unaffected.
"Nothing herein contained is intended to, or shall be deemed or construed to vest any property devised or bequeathed to charity or in trust for a charitable use, in any person who is not a relative of the testator belonging to one of the classes mentioned herein, or in any such relative, unless and then only to the extent that such relative takes the same under a substitutional or residually bequest or devise in the will or under the laws of succession because of the absence of other effective disposition in the will. (Stats. 1931, ch. 281, p. 589; § 41, as amended Stats. 1937, ch. 480, p. 1435, § 1; Stats. 1943, ch. 305, p. 1296, § 1.)"
[2] Probate Code, section 28, reads as follows: "Testamentary dispositions, including devises and bequests to a person on attaining majority, are presumed to vest at the testator's death."