[Civ. No. 48090. Second Dist., Div. One. Nov. 30, 1976.]

MILDRED LEWIS et al., Plaintiffs and Appellants, v.
KAREN ELEANOR RYAN et al., Defendants and Respondents.

**COUNSEL**

Moriarity & Tepper and John L. Moriarity for Plaintiffs and Appellants.

Gilbert, Kelly, Crowley & Jennett and Patrick A. Mesisca, Jr., for Defendants and Respondents.

**OPINION**

**THOMPSON, J.**—Adopted by the 1971 Legislature and by the terms of the enacting statute operative January 1, 1972 (Stats. 1971, ch. 1150, § 4) to actions filed on or after January 1, 1971 (*id.,* § 3) and to "remain in effect only until December 31, 1973, and as of that date . . . repealed" (*id.,* § 5), sections 576.5 and 999 of the Code of Civil Procedure embodied, during their self-limited duration, a scheme to encourage the

pretrial settlement of automobile accident cases in Los Angeles County. (Comment, *Selected 1971 California Legislation,* 3 Pacific L.J. at p. 225.) This appeal raises the issue of the applicability of the self-repealed code sections to an action filed and settlement offer made by a plaintiff in the period from January 1, 1971, to December 31, 1973, where the plaintiff was awarded her judgment after the latter date. ■ We conclude that section 999, providing for interest on such a judgment in cases within the time span of the legislation, is inapplicable to the case at bench because of the self-limited period of the statute. Accordingly, we affirm a trial court order striking an item of interest from plaintiffs' cost bill.

On July 20, 1972, plaintiffs Mildred Lewis and Frances Johnson filed an action against defendants Karen and Ronald Ryan in which they sought damages for personal injuries flowing from an automobile accident. On December 14, 1972, Johnson and Lewis each served upon defendants an offer to compromise pursuant to Code of Civil Procedure section 999—Johnson offering to settle her claim for $9,999.99 and Lewis for $4,999. Neither offer was accepted. On February 11, 1974, after considerable difficulty in locating defendants so they could b served and a resulting delay in filing the answer, plaintiffs filed their at issue memorandum. On December 24, 1974, the clerk of the superior court notified the parties of their right to file a certificate of readiness. The certificate was filed on January 21, 1975. On August 20, 1975, a jury awarded Johnson damages of $7,500 and Lewis $10,000.

Plaintiffs filed a timely cost bill. Pursuant to Code of Civil Procedure section 999, the memorandum of costs seeks interest on Lewis' $10,000 judgment at the rate of 7 percent per annum from December 14, 1972, the date of the offer of compromise. On defendants' objection, the trial court found that interest was not allowable because of the expiration of section 999. This appeal is directed only to that determination of the trial court.

Now expired Code of Civil Procedure section 999, required each party in "any action governed by [Code of Civil Procedure] section 576.5" to serve a written settlement offer upon the other not later than "the settlement conference" unless the time for service was extended upon a showing of good cause. (§ 999, subd. (a).) The offers were deemed withdrawn if not accepted within 30 days. (§ 999, subd. (b).) If either offer were accepted, judgment was to be entered accordingly. (*Id.*) If the case were not settled and went to trial, a plaintiff who obtained a

judgment more favorable than his offer was entitled to interest on his judgment at the rate of 7 percent per annum from the date of his offer. (§ 999, subd. (d).) A corresponding provision was included for interest to a defendant where the judgment was below the defendant's settlement offer. (§ 999, subd. (c).) Code of Civil Procedure section 576.5, to which section 999 was cross-referenced, applied to tort actions in Los Angeles County arising out of the use of an automobile. Section 576.5 required a settlement conference within 60 days after the filing of the at issue memorandum.

If Code of Civil Procedure section 999 remained in effect when plaintiffs obtained judgment and served their cost bill, Lewis is entitled to interest. If the statute was then ineffective, the trial court properly denied the interest claimed. In sum, the only issue in the matter at bench is one of statutory construction. We must determine whether the sections apply to all auto accident cases filed in Los Angeles County between January 1, 1971, and December 31, 1973, or whether they do not apply to cases pending and unadjudicated at the latter date.

In determining that issue, we apply the recognized approach of seeking the intent of the Legislature in enacting the statutory scheme so that the intent may be carried out by judicial construction. (See e.g., *Moyer* v. *Workmen's Comp. Appeals Bd.* (1973) 10 Cal.3d 222, 230 [110 Cal.Rptr. 144, 514 P.2d 1224].) More precisely, we search for the manner in which the Legislature would have treated the problem in the case at bench had the Legislature foreseen it. In that search, we are cognizant of at least three judicial approaches applied singly or in some combination. One approach utilizes maxims of statutory construction which, by a process of selection, can support any result a court thinks appropriate. (Llewellyn, *The Common Law Tradition: Deciding Appeals* (1960) Appen. C, Canons of Construction, "Thrust but Parry," pp. 521-535.) Another resolves the unforeseen problem in the way the court would have done had it been the Legislature and blessed with foresight equal to hindsight. (See e.g., *Friends of Mammoth* v. *Board of Supervisors* (1972) 8 Cal.3d 247 [104 Cal.Rptr. 761, 502 P.2d 1049]; sometimes called "common sense construction," e.g., *Anaheim Union Water Co.* v. *Franchise Tax Bd.* (1972) 26 Cal.App.3d 95, 105 [102 Cal.Rptr. 692].) The third approach seeks clues of legislative intent from legislative history and within the statutory scheme of which the legislation to be interpreted is a part. (See e.g., *Clean Air Constituency* v. *California State Air Resources Bd.* (1974) 11 Cal.3d 801 [114 Cal.Rptr. 577, 523 P.2d 617].) As

seductive and uninhibited as the first and second approaches may be, we deem the third controlling upon us where clues to the legislative intent exist.

What clues there are indicate that Code of Civil Procedure section 999 was intended to apply only to cases adjudicated on or before December 31, 1973.

Sections 999 and 576.5 of the Code of Civil Procedure originated in the 1971 legislative sessions as Senate Bill No. 820 sponsored by Senator George Deukmejian. The sections were part of an apparent effort to carry out recommendations to reduce trial court backlog emanating from a Superior Court Presiding Judges Workshop sponsored by the Judicial Council (A.O.C. Newsletter, Judicial Council of Cal. (Mar.-Apr. 1971) p. 3). As originally proposed in Senate Bill No. 820, the progenitor to Code of Civil Procedure sections 576.5 and 999 envisioned a procedure for automobile accident cases in which the parties were required to attempt to settle the case, to execute a joint statement of their respective best offers, and to file the statement under seal with the court. The court was then given broad discretion to award costs including attorney's fees, after comparing the eventual award with the filed statement. The proposed procedure of forced settlement was to be applicable to all pending superior court cases without a future termination date.

The bill, as introduced, was amended in the Senate Judiciary Committee on July 12, 1971, to substitute a process which, with minor variations, was adopted when Code of Civil Procedure sections 576.5 and 999 were enacted. The July 12 version embodies the procedure of serving offers of settlement, with interest payable to a party who achieves a result which betters his offer. As worded in the July 12 amendments, section 576.5 required a settlement conference "Not later than 60 days after a one year period [had] elapsed since the filing of the complaint . . . ." Sections 576.5 and 999 were framed by the July 12 version to be limited in scope to counties with a population exceeding 6 million—i.e., Los Angeles County—and to be limited in time. While proposed to be operative on January 1, 1972 (Sen. Bill No. 820, as amended July 12, 1971, § 4), the amended sections were to be applicable "to any action filed on or after January 1, 1971" (*id.,* § 3), while sections 576.5 and 999 were to "remain in effect only until December 31, 1973, and as of that date [were] repealed." (*Id.,* § 5.)

The Legislative Counsel's Digest of the July 12 amendment states in part: "Operative January 1, 1972. [¶] Applicable to actions filed on or after January 1, 1971. [¶] Effective only until December 31, 1973." (Leg. Counsel's Digest of July 12, 1971, Amend. to Sen. Bill. No. 820 (1971 Reg. Sess.).)

Senate Bill 820 was again amended in the Senate Judiciary Committee on September 29, 1971. That amendment encompasses the wording of Code of Civil Procedure sections 576.5 and 999 as eventually adopted. It differs from the July 12 version only in requiring the settlement conference within 60 days after the filing of the at issue memorandum rather than within a period originating with the filing of the complaint.

A consistent series of clues to legislative intent emerges from Senate Bill No. 820's history.[1] The Legislative Counsel's Digest, which is a preface to Senate Bill No. 820 as eventually amended and which therefore was available to each individual legislator equally with the content of the printed bill, states that the legislation which here concerns us is "effective only until December 31, 1973." The Legislature phrased the statute to be operative to actions filed prior to the legislation's effective date. It made no similar provision for applicability of the statute to matters pending as of the date of the self-contained repeal. "Repeal" of a statute generally precludes its applicability to inchoate as opposed to vested rights. (*Estate of Taylor* (1973) 33 Cal.App.3d 44 [108 Cal.Rptr. 778].) All clues thus point to a legislative intent that the statutory scheme embodied in Code of Civil Procedure sections 576.5 and 999 is inapplicable to cases adjudicated after December 31, 1973.

That is the construction given the legislation by the trial judge.

The order denying plaintiffs' claim for interest computed on the basis of Code of Civil Procedure section 999 is affirmed.

Lillie, Acting P. J., and Hanson, J., concurred.

---

[1]Plaintiffs request that we consider a declaration of the bill's author stating his intent in framing the legislation. The declaration is irrelevant because it reflects only the personal view of the legislator rather than facts from which the understanding of the Legislature as a whole may be inferred. (*See In re Marriage of Bouquet* (1976) 16 Cal.3d 583, 589 [128 Cal.Rptr. 427, 546 P.2d 1371].)