[No. C045247. Third Dist. Dec. 21, 2004.]

SONOMA AG ART, LLC, Plaintiff and Appellant, v.
DEPARTMENT OF FOOD AND AGRICULTURE, Defendant and
Respondent.

124

COUNSEL

Abbey, Weitzenberg, Hoffman, Warren & Emery, Patrick W. Emery and Rachel K. Nunes for Plaintiff and Appellant.

Bill Lockyer, Attorney General, Darryl L. Doke, Thomas D. McCrackin and Jeffrey M. Phillips, Deputy Attorneys General, for Defendant and Respondent.

OPINION

**NICHOLSON, J.**—Plaintiff Sonoma Ag Art, LLC (Sonoma) sued the State of California and the Department of Food and Agriculture (collectively, the State) for negligence. The trial court sustained the State's demurrer without leave to amend. Sonoma appeals the subsequent dismissal, contending the trial court erred by finding the State is immune. We affirm.

## FACTS

The State conducts the Grapevine Registration and Certification Program, testing grapevines for disease. Under the program, the State issues a grapevine certificate stating whether grapevines are diseased. Certified disease-free grapevines command higher prices than other vines.

Here, the State incorrectly found Sonoma's grapevines had grapevine fanleaf virus. Sonoma alleges the State's negligence caused the incorrect finding, which lowered the sale price of its vines.

After the Board of Control rejected its claim, Sonoma sued for damages. Sonoma amended its complaint three times. The State demurred to each amended complaint, claiming immunity under Government Code sections 818.4 and 821.2.[1] The trial court sustained the State's demurrer to the third amended complaint without leave to amend. Sonoma appeals the subsequent dismissal.

## DISCUSSION

Sonoma contends the trial court erred by finding the State is immune. The contention is without merit.

■ "Sovereign immunity is the rule in California." (*Colome v. State Athletic Com.* (1996) 47 Cal.App.4th 1444, 1454–1455 [55 Cal.Rptr.2d 300] (*Colome*); accord § 815, subd. (a).) The State is only liable when a statute imposes liability. (*Colome, supra,* 47 Cal.App.4th at p. 1455.) Here, Sonoma claims two statutes impose liability for negligently testing grapevines. First, a public entity is liable for the acts or omissions of its employee if the employee is liable. (§ 815.2, subd. (a).) Second, "a public employee is liable for injury caused by his act or omission to the same extent as a private person." (§ 820, subd. (a).) And a private person may be liable for negligently stating the condition of a crop. (See *Serian Brothers, Inc. v. Agri-Sun Nursery* (1994) 25 Cal.App.4th 306, 308 [30 Cal.Rptr.2d 382] [defendant liable for selling diseased trees].)

---

[1] Undesignated section references are to the Government Code unless otherwise noted.

■ However, "the immunity provisions of the California Tort Claims Act will generally prevail over any liabilities established by statute." (*Cochran v. Herzog Engraving Co.* (1984) 155 Cal.App.3d 405, 409 [205 Cal.Rptr. 1].)
■ Under the immunity provisions, the State is immune if it (1) issued a certificate and (2) exercises discretion in determining whether to issue the certificate. (§§ 818.4, 821.2; *Chaplis v. County of Monterey* (1979) 97 Cal.App.3d 249, 256 [158 Cal.Rptr. 395].)[2] Sonoma asserts issuing a grapevine certificate satisfies neither condition. We find that both conditions are satisfied.

### A. A Grapevine Certificate Is a Certificate

■ Sonoma argues a grapevine certificate is not a certificate because, for the purpose of applying sections 818.4 and 821.2, a certificate is an authorization to act, not an official statement. To define "certificate" for the purpose of applying the statutes, we determine the intent of the Legislature, looking first at the words of the statutes. (*Kraus v. Trinity Management Services, Inc.* (2000) 23 Cal.4th 116, 140–141 [96 Cal.Rptr.2d 485, 999 P.2d 718]; *Cancun Homeowners Assn. v. City of San Juan Capistrano* (1989) 215 Cal.App.3d 1352, 1358 [264 Cal.Rptr. 288] (*Cancun*).) Here, the relevant words are "permit, license, certificate, approval, order, or similar authorization." (§§ 818.4, 821.2.) Since "certificate" appears in a list of items, we ascertain its statutory meaning by referring to the other items in the list. (See, e.g., *Pour Le Bebe, Inc. v. Guess? Inc.* (2003) 112 Cal.App.4th 810, 826–827 [5 Cal.Rptr.3d 442] [defining "undue means" in Code Civ. Proc., § 1286.2 by referring to words in the list " 'corruption, fraud, or *other* undue means' "].)

■ The final phrase in the list, "or similar authorization," indicates that a certificate is one type of authorization. Because authorization is the noun form of the verb authorize, meaning "to endorse . . . or permit by . . . some recognized or proper authority," an authorization is both an official statement, or an endorsement, and an authority to act, or a permit. (Webster's 3d New Internat. Dict. (1981) p. 146.) A certificate is the first type of authorization, an endorsement, or "a document containing a certified and usu[ually] official statement." (*Id.*, p. 367.)

■ The Legislature often uses "certificate" to mean an official statement. (See *Lewis v. Ryan* (1976) 64 Cal.App.3d 330, 333 [134 Cal.Rptr. 355] [seeking legislative intent within the statutory scheme]; see also Bus & Prof. Code, § 2054 [physician's and surgeon's certificate officially states the holder

---

[2] Section 818.4 provides: "A public entity is not liable for an injury caused by the issuance . . . of . . . any . . . certificate . . . ."

Section 821.2 provides: "A public employee is not liable for an injury caused by his issuance . . . of . . . any . . . certificate . . . ."

is a doctor].) For example, in the Food and Agriculture Code, at section 52031, the Legislature uses "certificate" to mean an official statement: "The director shall issue to each employee who is authorized to grade, inspect, or weigh the products which are included under this chapter . . . a certificate which shows such authority." This example undermines Sonoma's argument that the Legislature only uses "certificate" to mean an authority to act.

█ Moreover, no court has ever so restrictively interpreted the meaning of "certificate" for the purpose of applying sections 818.4 and 821.2. Without citing any holding or language, Sonoma claims four cases limit the State's immunity under those sections to acts related to issuing authorizations to act. (*Nunn v. State of California* (1984) 35 Cal.3d 616 [200 Cal.Rptr. 440, 677 P.2d 846] [license for security guard to carry a firearm]; *Thompson v. City of Lake Elsinore* (1993) 18 Cal.App.4th 49 [22 Cal.Rptr.2d 344] [building permit]; *Engel v. McCloskey* (1979) 92 Cal.App.3d 870 [155 Cal.Rptr. 284] [license to practice law]; *Papelian v. State of California* (1976) 65 Cal.App.3d 958 [135 Cal.Rptr. 665] [driver's license].) However, those opinions do not consider or discuss the meaning of certificate. "A case is not authority for propositions neither considered nor discussed in the opinion." (*In re Muszalski* (1975) 52 Cal.App.3d 500, 504 [125 Cal.Rptr. 286].)

█ Thus, neither the dictionary, nor statutes and case law, supports the argument a certificate cannot be, simply, an official statement. Accordingly, for the purpose of applying sections 818.4 and 821.2, the State issued a certificate here.

### B. *Issuing Grapevine Certificates Is a Discretionary Duty*

Sonoma claims the State's duty to issue grapevine certificates is mandatory because, first, the Food and Agriculture Code creates a mandatory duty to issue grapevine certificates and, second, once the State decided to issue grapevine certificates the duty became mandatory for the purpose of applying sections 818.4 and 821.2. We disagree with both claims.

█ Sections 818.4 and 821.2 apply to "discretionary acts in issuing, revoking, suspending, or denying permits or licenses and the like." (*Chaplis v. County of Monterey, supra,* 97 Cal.App.3d at p. 256.) Even if mandatory language appears in the statute creating a duty, the duty is discretionary if the State must exercise significant discretion to perform the duty. (*Sutherland v. City of Fort Bragg* (2000) 86 Cal.App.4th 13, 20 [102 Cal.Rptr.2d 736].) We examine the entire statutory scheme to determine whether the State must exercise significant discretion to perform a duty. (See *Creason v. Department of Health Services* (1998) 18 Cal.4th 623, 631 [76 Cal.Rptr.2d 489, 957 P.2d 1323] [examining the Health and Safety Code in

finding duty to develop tests for hereditary diseases was discretionary]; *Cancun, supra,* 215 Cal.App.3d at p. 1358 [under statutory scheme building inspectors exercise significant discretion in deciding to issue a grading permit].)

■ While there is mandatory language in the statutes establishing the duty to test grapevines (Food & Agr. Code, §§ 47, 403, 5802, 52061), the State must exercise significant discretion to perform the duty. Generally, the State "shall execute the provisions of [the Food and Agriculture Code]," but has discretion to "adopt such regulations as are reasonably necessary to carry out the provisions of this code." (*Id.* §§ 404, 407.) Relevant to this dispute, the State has a duty to "prevent the introduction and spread of injurious . . . plant diseases . . . ." (*Id.* § 403.) To carry out this duty, "[t]he [State] may conduct surveys or investigations of any . . . vineyard . . . within the state liable to be infested or infected with any . . . disease . . . ." (*Id.* § 461.) And it "may adopt regulations" to quarantine a diseased vineyard. (*Id.* § 5801.) If a party requests, the State shall certify whether a vineyard is diseased, "under such regulations as [it] may prescribe." (*Id.* § 52061.) Thus, the duty to test grapevines requires the State to exercise significant discretion in adopting regulations and overseeing vineyards.

■ The State also must exercise significant discretion to issue grapevine certificates. ■ Issuing a certificate is generally discretionary. (*Colome, supra,* 47 Cal.App.4th at p. 1454.) Here, issuing a certificate is specifically discretionary; the State "may provide for the issuance and renewal on a two-year basis of licenses, certificates of registration, or other indicia of authority." (Food & Agr. Code, § 409.) Thus, the State exercises significant discretion in issuing a grapevine certificate.

■ Finally, relying on the rule announced in *Sava v. Fuller* (1967) 249 Cal.App.2d 281 [57 Cal.Rptr. 312] (*Sava*), Sonoma argues the duty to issue grapevine certificates became mandatory once the State decided to issue the certificates. In *Sava,* the State claimed immunity under section 820.2. (*Sava, supra,* at p. 283.) Because every act of the State involves a judgment, the *Sava* court feared the discretionary act immunity of section 820.2 would unjustifiably immunize every State act. (*Sava, supra,* at p. 291.) Therefore, the court held that once the State assumes a duty, it becomes a mandatory duty. (*Id.* at pp. 290–292.) The *Sava* court, however, recognized its holding did not apply to specific immunities. (*Id.* at p. 292.) In fact, after finding section 820.2 inapplicable because the State assumed the duty at issue, the court tested whether any specific immunities applied and found they did not apply. (*Sava, supra,* at pp. 292–293.) The holding of *Sava,* therefore, has no effect on the specific immunities provided in sections 818.4 and 821.2.

The Food and Agriculture Code requires the State to exercise significant discretion in testing grapevines and issuing grapevine certificates. Accordingly, the duty to issue grapevine certificates is discretionary, and the State is therefore immune. The trial court properly sustained the demurrer on this ground.

## DISPOSITION

The judgment is affirmed.

Blease, Acting P. J., and Raye, J., concurred.